IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BENJAMIN F. CROSBY, III, ET AL.**                           **PLAINTIFFS**

v.                                           **CAUSE NO. 1:15CV413-LG-RHW**

**VICKIE P. HARIEL, individually and in her
capacity as Clerk of the Circuit Court, Pearl
River County, Mississippi, ET AL.**                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTIONS TO DISMISS

BEFORE THE COURT are the Motions to Dismiss filed by the following Defendants: 1) Gregory P. Holcomb, E. Bragg Williams, III, and Williams, Williams & Montgomery, P.A. [3]; 2) Joseph H. Montgomery and Vicki Hariel [17, 19]; and 3) Neopost USA Inc. and Mailfinance Inc., f/k/a Neopost Leasing, Inc. [32]. The Motions have been fully briefed. After due consideration of the submissions and the relevant law, it is the Court's opinion that dismissal is warranted. Plaintiffs may not attempt to enforce criminal statutes through this civil lawsuit. Because as a matter of law Plaintiffs cannot state plausible claims on the basis alleged, the claims will be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

BACKGROUND

This case involves litigation in Pearl River Circuit Court concerning a long-running right-of-way and easement dispute between these Plaintiffs and another family, the Mittlestaedts. The parties were ordered to mediation, where they reached a settlement agreement. However, the Plaintiffs were alleged to have violated the settlement agreement by filing a notice of *lis pendens*, and the

Mittlestaedts moved to enforce the settlement agreement.  Mississippi Circuit Court Judge Prentiss G. Harrell heard the motion on August 1, 2014.  On December 16, 2014, Judge Harrell entered an order finding that the Plaintiffs had violated the agreement.  He voided the offending *lis pendens*, and awarded the Mittlestaedts $1000 in attorney's fees.

The Plaintiffs allege they were not provided timely notice of the ruling, necessitating their motion to reopen time for appeal, which they filed in Circuit Court on January 26, 2015.  Plaintiffs allege that they did not violate the settlement agreement, and the Mittlestaedt's attorneys pursued the enforcement motion in spite of their knowledge that Plaintiffs had not violated the agreement.  Plaintiffs allege that all of the Defendants conspired to prevent them from properly defending the motion and filing a timely appeal of Judge Harrell's ruling.

Plaintiffs include three counts in their Complaint, each of which alleges violation of a criminal statute.  Count One alleges violation of Mississippi's criminal conspiracy statute, Miss. Code § 97-1-1.  (Compl. 18, ECF No. 1).  Count Two alleges violation of the federal mail fraud statute, 18 U.S.C. § 1341.  (*Id*. at 20).  Count Three alleges violation of Mississippi's obstruction of justice statute, Miss. Code § 97-9-107.  (*Id*. at 22).  All of the remaining Defendants[1] seek dismissal under Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiffs cannot seek to enforce these criminal statutes through a civil action.  Defendants alternatively seek dismissal pursuant to

---

[1]  Defendant Matthew O'Quain was dismissed by an earlier Order and granted final judgment pursuant to Fed. R. Civ. P. 54(b).  (ECF No. 25).

Fed. R. Civ. P. 12(b)(1) on the basis that the Court is barred from review of the claims by the *Rooker-Feldman* doctrine, because the validity of the Pearl River Circuit Court's ruling is at stake.

## ANALYSIS

### 1. The *Rooker-Feldman* Doctrine

The Court must first address Defendants' Rule 12(b)(1) challenge to its subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to entertain collateral attacks on a state court judgment. *Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir. 1994). The doctrine prevents a federal district court from reviewing, modifying, or nullifying a state court judgment or order. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000).

The *Rooker-Feldman* bar is not limited only to those actions which explicitly seek review of a state court decision, but "it [also] extends to others in which the constitutional claims presented in federal court are inextricably linked with the state court's grant or denial of relief." *Hale v. Harney,* 786 F.2d 688, 691 (5th Cir. 1986) (internal quotation marks and brackets omitted); *see also Johnson v. De Grandy,* 512 U.S. 997, 1005-06 (1994) (under *Rooker-Feldman,* "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). However,

"if the plaintiff claims damages for injuries caused by the defendants' actions – even those occurring during litigation – rather than injuries arising from a state-court judgment itself, the federal suit is not barred by *Rooker-Feldman*." *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 673 (5th Cir. 2015) (citation omitted).

The *Rooker-Feldman* doctrine does not require abstention in this case. Plaintiffs seek compensatory and punitive damages for actions taken by the Defendants. They do not seek any sort of reformation or setting aside of the Circuit Court ruling, but essentially complain about the manner in which they learned about it, and opposing counsel's actions in seeking the ruling. These claims could be reviewed on their merits without calling the validity of the Circuit Court ruling into question. Dismissal for lack of subject matter jurisdiction is not warranted under *Rooker-Feldman*.

**2. Dismissal For Failure to State a Claim**

Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). "To survive a motion to dismiss, a complaint must contain . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In Counts One and Three, Plaintiffs assert causes of action under two state criminal statutes, Miss. Code §§ 97-1-1 and 97-9-107. The remaining Defendants

named or mentioned in the Counts are Williams, III, Montgomery, Holcomb, Williams, Williams & Montgomery P.A., Hariel, and Neopost. These Defendants contend that Plaintiffs may not bring civil actions against them for violation of Mississippi's criminal statutes.

Defendants do not cite to, nor is the Court able to find, case law determining whether the criminal statutes at issue here do, or do not provide for a private cause of action. There appear to be no instances where Mississippi courts have entertained civil actions for enforcement of either criminal statute. Accordingly, the Court must make an *Erie* guess as to how the Mississippi Supreme Court would rule. *Seahawk Liquidating Trust v. Certain Underwriters at Lloyds London*, 810 F.3d 986, 991 (5th Cir. 2016).

"The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 15 (1979) (citations omitted). "[W]hat must ultimately be determined is whether [the legislature] intended to create the private remedy asserted." *Id*. at 15-16. The Mississippi Supreme Court has stated that "it is a fundamental principle of statutory construction that statutes penal in nature must be strictly construed." *Quick Shops of Miss., Inc. v. Bruce*, 232 So. 2d 351, 353 (Miss. 1970). Accordingly, the Court looks to the language of the statutes.

Miss. Code § 97-1-1 makes a conspiracy of two or more persons to commit a

crime a criminal offense.  *Norman v. State*, 381 So. 2d 1024, 1028 (Miss. 1980). Conspiracies are grouped into felonies punishable by a fine and five or twenty years imprisonment, and misdemeanors "punishable as a misdemeanor as provided by law."  Miss. Code § 97-1-1.  There is no explicit provision for enforcement of this statute through a civil cause of action, as opposed to a criminal prosecution. Mississippi's criminal conspiracy statute is clearly penal in nature.  Strict construction of the statute leads to the conclusion that there is no private cause of action for violation of the criminal conspiracy statute.  This claim will be dismissed.

Miss. Code § 97-9-107 makes it a misdemeanor to "render criminal assistance to" another person "with the intent to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting a misdemeanor." *Id*. The statute is part of an overall scheme to classify as criminal activities such as concealing or warning another of apprehension, and bribing or intimidating a witness or juror.  *See* Miss. Code § 97-9-101, *et seq*.  If convicted under § 97-9-107, a person may be sentenced to up to one year imprisonment and/or fined.  Miss. Code § 97-9-129.  This statute has no explicit provision for civil enforcement, and it is clearly penal in nature.  Strict construction of the statute leads to the conclusion that there is no private cause of action for violation of Miss. Code § 97-9-107.  This claim will be dismissed.

In Count Two, Plaintiffs assert a cause of action under 18 U.S.C. § 1341 against Defendants Williams, III, Montgomery, Holcomb, Williams, Williams & Montgomery P.A., and Hariel.  It is well established that this federal criminal

-6-

statute does not provide a private cause of action. *Napper v. Anderson, Hensley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974). Therefore, this claim will be dismissed.

Because the law provides no basis for relief on Plaintiffs' three claims, further amendment is futile. Accordingly, the claims will be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motions to Dismiss filed by Defendants Gregory P. Holcomb, E. Bragg Williams, III, and Williams, Williams & Montgomery, P.A. [3]; Joseph H. Montgomery and Vicki Hariel [17, 19]; and Neopost USA Inc. and Mailfinance Inc., f/k/a Neopost Leasing, Inc. [32], are **GRANTED**. Plaintiffs' claims are **DISMISSED.**

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE